UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DEBRON WALLEN,
SANJAY SHAKES, Individually and
On Behalf of All Others Similarly Situated,

Plaintiffs,

Vs.

SVENSK MANAGEMENT, INC. &
RICHARD FERNBACH
_____/

## COMPLAINT

Plaintiffs Debron Wallen ("Wallen") and Sanjay Shakes ("Shakes"), individually, together, and on behalf of all of those similarly situated, sues Defendants SVENSK MANAGEMENT, INC., (Svensk) and Richard Fernbach ("Fernbach") (collectively Svensk and Fernbach will be referred to as "Defendants") and aver as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Wallen is an individual who resides primarily in Broward County and is otherwise sui juris.

2. Shakes is an individual who resides primarily in Broward County and is otherwise sui juris.

3. Upon information and belief Fernbach is an individual who resides primarily in Broward County Florida, and is otherwise sui juris.

4. Svensk is a Florida based corporation with its principle place of business located iin Broward County Florida.

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this action arises under 29 U.S.C. § 207 and 215, the Fair Labor Standards Act ("FLSA").

6. Venue is appropriate in this district because: (1) a substantial part of the events or omissions giving rise to the claim occurred here; and/or (2) one or more of the Defendants regularly

conduct business here.

## GENERAL ALLEGATIONS

7. Wallen worked for Defendants as a pool service technician from October 2018 to October 20th 2019.

8. Shakes worked for Defendants as a pool service technician from March 19, 2018 to December 2, 2019.

9. During the time perio9d from March 19, 2018 to December 2, 2019 (the "Collective Action Time Period") Shakes, Wallen and those similarly situated employees, current and former, worked as pool technicians, pool repair technicians and pool service technicians.

10. Plaintiffs bring a collective action against their former employers for unpaid wages and overtime compensation owed to them and all other similarly situated employees, current and former, of Defendants' who worked for the Defendants, at any time during the three year period before this Complaint was filed up to the present (the "FLSA Class Members"). These class members should be informed of the pendency of this action and appraised of their rights to join this action.

11. While working for Svensk, the FLSA Class members were employees as that term is defined by 29 U.S.C. §203(e), and were engaged in interstate commerce in that the materials used to perform pool services, and the vehicles driven to get to the pools, are articles that traveled through interstate commerce.

12. Svensk is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. §203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales

made or business done is not less than $500,000, whichy has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the Pool Service and Pool Shop, where Wallen, Shakes, and the other FLSA Class Members were employed.

13. At all times pertinent to this claim, Fernbach was an officer and director, and operator of Svensk acting as a manager in relation to Svensk's employees, including, without limitation, setting pay, pay policies, and work schedules. Thus Fernbach is an employer within the meaning of Section 29 U.S.C. §203(d).

14. During the Collective Action Timer Period, Defendants failed to pay Plaintiffs and the other FLSA Class Members for all hours worked in violation of the FLSA.

15. During the Collective Action Time Period, Defendants failed to pay overtime to the FLSA class Members for all hours worked in excess of forty (40) hours per week, in violation of the FLSA.

16. Plaintiffs and other FLSA Class Members are non-exempt employees under the FLSA.

17. As part of their regular business practices, Defendants have intentionally, willfully and repeditly harmed Plaintiffs and other FLSA Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis. Defendants' actions were willful and with knowledge because the Defendant has been sued before for violating the FLSA.

18. Although Defendants permitted and/or required Plaintiffs and other FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked in excess of forty (40) hours per workweek.

19. The FLSA class members performed similar work to plaintiffs for similar compensation. IN particular, Plaintiffs, and other FLSA Class Members all worked in non-exempt

positions, specifically as pool service technicians, pool maintenance technicians, pool repair technicians, and sales of pool related products, under the same conditions and subject to the same violations of the FLSA.

20. The other FLSA Class Members are similarly situated to Plaintiffs in that many regularly work or have worked in excess of forty (40) hours during a workweek, without receiving compensation at the mandated time-and-a-half overtime rate for the hours exceeding forty (40) in a workweek.

21. The other FLSA Class Members are similarly situated to the Plaintiffs in that many regularly worked for Defendants without receiving compensation for all hours worked.

22. As such, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties, pay structure, and denial of overtime pay.

23. The experience of Plaintiffs with respect to their job duties is typical of the experience of the other FLSA Class Members.

24. The specific job titles or precise job responsibilities of the other FLSA Class Members do not prevent collective treatment.

25. Plaintiffs and the other FLSA Class Members are entitled to overtime compensation for hours worked in excess of forty (40) hours per week.

26. Althouth the exact amount of damages may vary among the FLSA Class Members, the damages can be easily calculated by formula. The claims of the FLSA Class Members all arise from a common nucleus of operative facts. Liability is based on a systematic course of wrongful conduct that caused harm to all of the FLSA Class Members.

27. The Defendants instituted, permitted, and/or required policies and practices that resulted in Plaintiffs and other FLSA Class Members being deprived of wages they were owed

pursuant to the FLSA, including but not limited to overtime pay for all hours worked in excess of forty (40) in a workweek.

**CONDITIONS PRECEDENT, ATTORNEY'S FEES AND COSTS**

28. The Plaintiffs have retained the Undersigned Firm to represent them in this action and are obligated to pay reasonable attorney's fees and costs for services rendered.

29. All Conditions precedent to this action have occurred or been satisfied or waived.

**COUNT I**
**VIOLATION OF THE FLSA**
(Against Both Defendants)

30. Plaintiffs, individually, together, and on behalf of all others similarly situated, realleges the allegations contained in Paragraphs 1 through 29 above as though fully set forth herin.

31. This is an action against Defendants for willful violations of the FLSA, including 29 U.S.C. §§206, 207 et. seq.

32. From October 2018 to October 2019, Plaintiff Wallen worked for Defendants continuously in excess of forty (40) hours per week.

33. From March 19, 2018 through December 2, 2019, Plaintiff Shakes worked for Defendants continuously in excess of forty (40) hours per week.

34. For the entire length of the Plaintiffs' employment by Defendants, neither Plaintiff was paid for the time he spent working in excess of forty (40) hours per week, in violation of the FLSA's overtime requirement.

35. The FLSA Class Members worked at various times for the Defendants, during the Collective Action Period.

36. During the FLSA Class Members' Employment at thee Restaurant, the FLSA Class Members were not paid for all hours worked in excess of forty (40) hours per week in violation of the FLSA's overtime requirements.

37. By failing to compensate Shakes, Wallen, and the other FLSA Class Members, for the time they worked in excess of forty (40) hours per week (either at their regular rate or overtime rate), Defendants have willfully violated the provisions of the FLSA.

38. Defendants' actions were willful and purposeful as they were well aware of the FLSA's requirements for payment of all hours worked and for payment of overtime wages at the overtime rate for non-exempt employees, such as Shakes and Wallen, and those similarly situated. They are willful and purposeful because Defendants are aware of the FLSA's requirements based on former FLSA actions against them.

39. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable to Defendants or Plaintiff and the other FLSA Class Members.

40. Defendants failed to make, keep and/or preserve adequate records of the Plaintiffs' and the other FLSA Class Members wages, work hours, pay, and other conditions and practice of employment maintained by Defendants in violation of 29 U.S.C. §211(c).

41. Defendants failed to keep adequate, and accurate, payroll records that include all information required to be maintained by employers under Federal Law pursuant to 29 C.F.R. §§ 516.2 and 516.5.

42. Pursuant to 29 U.S.C. § 216(b), Plaintiff, and other FLSA Class Members, are entitled to recover from Defendants:

    (a) All unpaid overtime that is due;

    (b) Compensation at time and a half, for all hours worked for which they were not compensated;

    (c) An amount equal to the unpaid overtime owed as liquidated damages;

    (d) The costs of this action; and

    (e) Reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Both Plaintiffs and the FLSA Class Members demand a jury trial on all issues so triable.

Respectfully Submitted this 20th Day of August 2020

    LUBELL & ROSEN, LLC
    200 S. Andrews Ave, Suite 900
    Fort Lauderdale, Florida 33301
    Phone: (954) 880-9500
    Fax: (954) 755-2993
    E-mail:    jhs@lubellrosen.com

    By: *s/Joshua H. Sheskin*
        Joshua H. Sheskin, Esquire
        Florida Bar No. 93028