UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:20-cv-61690-AHS

DEBRON WALLEN,
SANJAY SHAKES, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

vs.

SVENSK MANAGEMENT, INC.
and RICHARD FERNBACH,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant SVENSK MANAGEMENT, INC. ("Defendant Svensk") and Defendant RICHARD FERNBACH ("Defendant Fernbach") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Answer to the Complaint of Plaintiff DEBRON WALLEN ("Plaintiff Wallen") and Plaintiff SANJAY SHAKES' ("Plaintiff Shakes") (collectively, "Plaintiffs") and answer the numbered paragraphs of Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore, Defendants deny the allegations contained in this paragraph on this basis.

2. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore, Defendants deny the allegations contained in this paragraph on this basis.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except Defendants admit that Defendant Fernbach is a resident of Broward County, Florida.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that this Court has jurisdiction over Fair Labor Standards Act ("FLSA") claims.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that venue is proper in this judicial district.

## GENERAL ALLEGATIONS

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint except Defendants admit that Plaintiff Wallen was employed by Defendant Svensk as a pool service technician from October 2018 until November 15, 2019.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint except Defendants admit that Plaintiff Shakes was employed by Defendant Svensk as a pool service technician from March 2018 until November 31, 2019.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint except Defendants admit that Plaintiffs were employed by Defendant Svensk as pool service technicians.

10. Defendants admit that Plaintiffs purport to bring this as a collective action for unpaid wages and overtime compensation, but Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint, including any allegations that this lawsuit is proper for a collective action.

11. The allegations contained in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that Plaintiffs were employees of Defendant Svensk.

12. The allegations contained in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that Plaintiffs were employees of Defendant Svensk and admit that Defendant Svensk has an annual gross volume of sales not less than $500,000.00.

13. The allegations contained in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that Defendant Fernbach is the owner of Svensk.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph, except Defendants admit that Plaintiffs were employees of Defendant Svensk.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

## **CONDITIONS PRECEDENT, ATTORNEY'S FEES AND COSTS**

28.     Defendants admit that Plaintiffs purport to have retained Lubell & Rosen, LLC to pursue their claims in the instant action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, Defendants deny the remaining allegations contained in this paragraph.

29.     The allegations contained in Paragraph 29 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## COUNT I
## VIOLATION OF THE FLSA
**(Against Both Defendants)**

30. Defendants reaffirm and re-allege their answers to Paragraphs 1-29 as if fully restated herein.

31. Defendants admit that Plaintiffs purport to bring this as an action for willful violations of the FLSA, but Defendants deny that there was any violation of the FLSA, willful or otherwise.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint, including the allegations contained in subparts (a) through (e).

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiffs and the alleged putative class members demand a trial by jury on all issues so triable.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

1. The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, because, in accordance with applicable law, Plaintiffs were paid for all work performed and have already received all the compensation, including benefits, to which they were due or owed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

2. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

3. Some or all of Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

4. Plaintiffs' FLSA claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

5.	Plaintiffs' FLSA claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

6.	Plaintiffs' FLSA claims are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

7.	Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

8.	Plaintiffs' FLSA claims are barred, in whole or in part, by avoidable consequences to the extent that discovery reveals that they misrepresented, fabricated, falsely reported, or purposely concealed their hours worked material to the analysis of whether Defendants encouraged them to misrepresent, fabricate, falsely report, or purposely conceal their true hours worked and there is no evidence that Defendants knew or should have known that Plaintiffs were misrepresenting, fabricating, falsely reporting, or purposely concealing their hours worked.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

9.	In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to

Defendants, or additional payments made to Plaintiffs for work performed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

10. There are no employees of Defendants who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 USC § 216(b), and thus, this action cannot be maintained as a collective action.

Defendants reserve the right to move the Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendants respectfully request that this Court: (a) enter judgment in favor of Defendants and against Plaintiffs; (b) dismiss the Complaint with prejudice; and (c) grant such other and further relief as the Court may deem just and proper.

Dated: September 30, 2020.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: */s/ Stella S. Chu*
Aaron Reed
Florida Bar No. 557153
E-mail: areed@littler.com
Stella S. Chu
Florida Bar No. 60519
Email: sschu@littler.com

*ATTORNEYS FOR DEFENDANTS*

4830-5048-5708.2