UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 20-cv-61690-SINGHAL

DEBRON WALLEN,
SANJAY SHAKES, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

vs.

SVENSK MANAGEMENT, INC. &
RICHARD FERNBACH

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF CLAIM

Pursuant to this Court's August 21, 2020 Order Requiring Scheduling Report [ECF No. 5], Defendant Svensk Management, Inc. ("Defendant Svensk") and Defendant Richard Fernbach ("Defendant Fernbach") (referred to collectively where appropriate as "Defendants") file this Response to Plaintiffs' Statement of Claim and state as follows:

**Plaintiff Sanjay Shakes**

In Plaintiffs' Statement of Claim, Plaintiff Sanjay Shakes ("Plaintiff Shakes") alleges that he worked, and was not paid for, 6 overtime hours per week during the period of March 20, 2018 to December 1, 2018, and 27.5 overtime hours per week during the period of December 1, 2018 to July 30, 2019. *See* ECF No. 7. Plaintiff Shakes alleges that his hourly rate of pay was $17.50 per hour and that his overtime rate was $26.25 per hour. *Id.* Based on these figures, Plaintiff Shakes claims that he is owed a total of $5,748.75 in unpaid overtime wages for the period of March 20, 2018 to December 1, 2018, and a total of $24,545.75 in unpaid overtime wages for the

period of December 1, 2018 to July 30, 2019, plus an equal amount of liquidated damages, and attorneys' fees and costs. *Id.*

Plaintiff Shakes was employed by Defendants as a Pool Technician from March 19, 2018 until November 31, 2019, when he resigned from his employment. He was paid a guaranteed minimum amount of compensation, and the full amount was paid, even if he worked less than 40 hours in a workweek. Specifically, he was paid a guaranteed minimum amount of $600 for the first three weeks of his employment, and $700 for all remaining weeks of his employment. Defendants deny that Plaintiff Shakes is owed unpaid overtime during the weeks he has placed at issue (or during any other period of his employment). Plaintiff Shakes' claim that he was not paid any overtime compensation is simply not true. To the contrary, he was paid overtime compensation, at one-and-one-half times his regular rate of pay, when he worked more than 40 hours in a workweek. In fact, payroll records establish that he was paid overtime compensation during most weeks of his employment. Payroll records reflect the following compensation provided to Plaintiff Shakes during each week of his employment:

| Workweek Ending | Total Guaranteed Compensation Paid | Total Overtime Compensation Paid | Overtime Hours Paid |
|---|---|---|---|
| 3/25 **(2018)** | $600 | $0 | -- |
| 4/1 | $600 | $0 | -- |
| 4/8 | $600 | $0 | -- |
| 4/15 | $700 | $0 | -- |
| 4/22 | $700 | $0 | -- |
| 4/29 | $700 | $0 | -- |
| 5/6 | $700 | $0 | -- |
| 5/13 | $700 | $0 | -- |
| 5/20 | $700 | $131.25[1] | 5 |
| 5/27 | $700 | $0 | -- |
| 6/3 | $700 | $262.50 | 10 |
| 6/10 | $700 | $0 | |

---

[1] Overtime compensation was paid at a rate of $26.25 per hour (based on a regular rate of $17.50, which was calculated from the $700 minimum guaranteed compensation divided by 40 hours).

| | | | |
|---|---|---|---|
| 6/17 | $700 | $262.50 | 10 |
| 6/24 | $700 | $0 | -- |
| 7/1 | $700 | $131.25 | 5 |
| 7/8 | $700 | $262.50 | 10 |
| 7/15 | $700 | $210 | 8 |
| 7/22 | $700 | $262.50 | 10 |
| 7/29 | $700 | $210 | 8 |
| 8/5 | $700 | $262.50 | 10 |
| 8/12 | $700 | $210 | 8 |
| 8/19 | $700 | $262.50 | 10 |
| 8/26 | $700 | $21 | 8 |
| 9/2 | $700 | $262.50 | 10 |
| 9/9 | $700 | $0 | -- |
| 9/16 | $700 | $210 | 8 |
| 9/23 | $700 | $210 | 8 |
| 9/30 | $700 | $157.50 | 6 |
| 10/7 | $700 | $210 | 8 |
| 10/14 | $700 | $0 | -- |
| 10/21 | $700 | $210 | 8 |
| 10/28 | $700 | $210 | 8 |
| 11/4 | $700 | $0 | -- |
| 11/11 | $700 | $157.50 | 6 |
| 11/18 | $700 | $210 | 8 |
| 11/25 | $700 | $262.50 | 10 |
| 12/2 | $700 | $210 | 8 |
| 12/9 | $700 | $0 | -- |
| 12/16 | $700 | $0 | -- |
| 12/23 | $700 | $262.50 | 10 |
| 12/30 | $700 | $157.50 | 6 |
| 1/6 **(2019)** | $700 | $0 | -- |
| 1/13 | $700 | $157.50 | 6 |
| 1/20 | $700 | $262.50 | 10 |
| 1/27 | $700 | $157.50 | 6 |
| 2/3 | $700 | $210 | 8 |
| 2/10 | $700 | $131.25 | 5 |
| 2/17 | $700 | $210 | 8 |
| 2/24 | $700 | $157.50 | 6 |
| 3/3 | $700 | $210 | 8 |
| 3/10 | $700 | $210 | 8 |
| 3/17 | $700 | $210 | 8 |

|  |  |  |  |
|---|---|---|---|
| 3/24 | $700 | $210 | 8 |
| 3/31 | $700 | $210 | 8 |
| 4/7 | $700 | $210 | 8 |
| 4/14 | $700 | $210 | 8 |
| 4/21 | $700 | $210 | 8 |
| 4/28 | $700 | $210 | 8 |
| 5/5 | $700 | $210 | 8 |
| 5/12 | $700 | $210 | 8 |
| 5/19 | $700 | $131.25 | 5 |
| 5/26 | $700 | $157.50 | 6 |
| 6/2 | $700 | $131.25 | 5 |
| 6/9 | $700 | $210 | 8 |
| 6/16 | $700 | $210 | 8 |
| 6/23 | $700 | $131.25 | 5 |
| 6/30 | $700 | $131.25 | 5 |
| 7/7 | $700 | $157.50 | 6 |
| 7/14 | $700 | $157.50 | 6 |
| 7/21 | $700 | $157.50 | 6 |
| 7/28 | $700 | $131.25 | 5 |
| 8/4 | $700 | $131.25 | 5 |
| 8/11 | $700 | $131.25 | 5 |
| 8/18 | $700 | $131.25 | 5 |
| 8/25 | $700 | $131.25 | 5 |
| 9/1 | $700 | $126.25 | 5 |
| 9/8 | $700 | $131.25 | 5 |
| 9/15 | $700 | $131.25 | 5 |
| 9/22 | $700 | $131.25 | 5 |
| 9/29 | $700 | $131.25 | 5 |
| 10/6 | $700 | $131.25 | 5 |
| 10/13 | $700 | $131.25 | 5 |
| 10/20 | $700 | $0 | -- |
| 10/27 | $700 | $0 | -- |
| 11/3 | $700 | $0 | -- |
| 11/10 | $700 | $0 | -- |
| 11/17 | $700 | $0 | -- |
| 11/24 | $700 | $0 | -- |
| 12/1 | $700 | $0 | -- |

**Plaintiff Debron Wallen**

In Plaintiffs' Statement of Claim, Plaintiff Debra Wallen ("Plaintiff Wallen") alleges that he worked, and was not paid for, 37.5 overtime hours per week during the period of October 1, 2018 to October 20, 2019 (54 weeks). *See* ECF No. 7. Plaintiff Wallen alleges that his hourly rate was $17.50 per hour and that his overtime rate was $26.25 per hour. *Id.* Based on these figures, Plaintiff Wallen claims that he is owed a total of $53,156.25 in unpaid overtime wages, plus an equal amount of liquidated damages, and attorneys' fees and costs. *Id.*

Plaintiff Wallen was employed by Defendants as a Pool Technician from September 20, 2018 until November 15, 2019, when he resigned from his employment. He was paid a guaranteed minimum amount of compensation, and the full amount was paid, even when he worked less than 40 hours in a workweek. Specifically, he was paid a guaranteed minimum amount of $550 for the first three weeks of his employment,[2] $650 for the next three weeks of his employment, and $700 for all remaining weeks of his employment. Defendants deny that Plaintiff Wallen is owed unpaid overtime during the weeks he has placed at issue (or during any other period of his employment). Plaintiff Wallen's claim that he was not paid any overtime compensation weeks he has placed at issue is simply not true. To the contrary, he was paid overtime compensation, at one-and-one-half his regular rate of pay, when he more than 40 hours in a workweek. In fact, payroll records establish that he was paid overtime compensation during most weeks of his employment. Payroll records reflect the following compensation provided to Plaintiff Wallen during each week of his employment issue:

---

[2] This first paycheck provided to Plaintiff Wallen included an additional $220 for two days worked during the workweek that ended on September 23, 2018 ($13.75 per hour for 8 hours each day).

| Workweek Ending | Total Guaranteed Compensation Paid | Total Overtime Compensation Paid | Overtime Hours Paid |
|---|---|---|---|
| 9/30 **(2018)** | $550 | $0 | -- |
| 10/7 | $550 | $0 | -- |
| 10/14 | $550 | $0 | -- |
| 10/21 | $650 | $0 | -- |
| 10/28 | $650 | $0 | -- |
| 11/4 | $650 | $0 | -- |
| 11/11 | $700 | $0 | -- |
| 11/13 | $700 | $210 | 8 |
| 11/25 | $700 | $0 | -- |
| 12/2 | $700 | $0 | -- |
| 12/9 | $700 | $0 | -- |
| 12/16 | $700 | $262.50 | 10 |
| 12/23 | $700 | $0 | -- |
| 12/30 | $700 | $0 | -- |
| 1/6 **(2019)** | $700 | $0 | -- |
| 1/13 | $700 | $157.50 | 6 |
| 1/20 | $700 | $210 | 8 |
| 1/27 | $700 | $157.50 | 6 |
| 2/3 | $700 | $157.50 | 6 |
| 2/10 | $700 | $0 | -- |
| 2/17 | $700 | $0 | -- |
| 2/24 | $700 | $131.25 | 5 |
| 3/3 | $700 | $262.50 | 10 |
| 3/10 | $700 | $131.25 | 5 |
| 3/17 | $700 | $210 | 8 |
| 3/24 | $700 | $131.25 | 5 |
| 3/31 | $700 | $131.25 | 5 |
| 4/7 | $700 | $131.25 | 5 |
| 4/14 | $700 | $157.50 | 6 |
| 4/21 | $700 | $131.25 | 5 |
| 4/28 | $700 | $131.25 | 5 |
| 5/5 | $700 | $131.25 | 5 |
| 5/12 | $700 | $131.25 | 5 |
| 5/19 | $700 | $131.25 | 5 |
| 5/26 | $700 | $131.25 | 5 |
| 6/2 | $700 | $131.25 | 5 |
| 6/9 | $700 | $210 | 8 |

6

| | | | |
|---|---|---|---|
| 6/16 | $700 | $131.25 | 5 |
| 6/24 | $700 | $131.25 | 5 |
| 6/30 | $700 | $131.25 | 5 |
| 7/7 | $700 | $157.50 | 6 |
| 7/14 | $700 | $157.50 | 6 |
| 7/21 | $700 | $157.50 | 6 |
| 7/28 | $700 | $131.25 | 5 |
| 8/4 | $700 | $131.25 | 5 |
| 8/11 | $700 | $131.25 | 5 |
| 8/18 | $700 | $131.25 | 5 |
| 8/25 | $700 | $131.25 | 5 |
| 9/1 | $700 | $126.25 | 5 |
| 9/8 | $700 | $131.25 | 5 |
| 9/15 | $700 | $131.25 | 5 |
| 9/22 | $700 | $131.25 | 5 |
| 9/29 | $700 | $131.25 | 5 |
| 10/6 | $700 | $131.25 | 5 |
| 10/13 | $700 | $131.25 | 5 |
| 10/20 | $700 | $0 | -- |
| 10/27 | $700 | $0 | -- |
| 11/3 | $700 | $0 | -- |
| 11/10 | $700 | $0 | -- |
| 11/17 | $700. | $0 | -- |

WHEREFORE, Plaintiffs are not entitled to the relief that they seeks in this action, including their claim for unpaid overtime damages, liquidated damages and attorney's fees and costs. Defendants respectfully deny Plaintiffs' Statement of Claim and demand strict proof thereof.

DATED this 19th day of October 2020

> Respectfully submitted,
>
> LITTLER MENDELSON, P.C.
> Wells Fargo Center
> 333 S.E. 2nd Avenue, Suite 2700
> Miami, Florida 33131-1804
> Tel: (305) 400-7500
> Fax: (305) 603-2552
>
> By: */s/ Stella S. Chu*
>   Aaron Reed
>   Florida Bar No. 0557153
>   E-mail: *areed@littler.com*
>   Stella S. Chu
>   Florida Bar No. 060519
>   E-mail: *sschu@littler.com*
>
> Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of October 2020, a copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List.

> */s/ Stella S. Chu*
> Stella S. Chu

4851-5830-3951.1 109338.1001