UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-61690-SINGHAL

DEBRON WALLEN,
SANJAY SHAKES, Individually and
On Behalf of All Others Similarly Situated,

Plaintiffs,

Vs.

SVENSK MANAGEMENT, INC. &
RICHARD FERNBACH
_____/

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

Plaintiffs, by and through undersigned counsel, hereby reply to Defendants' Response ("Defendants Response" or "Response") to Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members ("The Motion, or "Plaintiffs' Motion"), and in support of Plaintiff's Motion, hereby state:

## MEMORANDUM OF LAW

### *INTRODUCTION*

Defendants' defense, which Defendants base their Response on, sounds clever, but is completely contradictory to the FLSA. Defendant Fernbach claims that he created the routs Pool Service Technicians would service, and he was able to estimate that these routs took under forty-hours per-week, so he paid a "guaranteed" rate for work during the week. *See,* Fernbach Declaration ¶ 17, 19, 21 & 23. However, Defendants never had a system to track how long these routs actually took, meaning Defendants estimated Pool Service Technicians hours worked during

the week. *Id.* Estimating hours worked is a common illegal pay policy, applicable to all putative and current Plaintiffs.

The Defendants claim that if their own self-serving negation of liability is wrong, it requires too much individualized inquiry to certify as collective. Defendants' rely on two Supreme Court cases on Rule 23 that do not support their position.  In actuality, the Supreme Court holds that Rule 23 and §216(b) require separate inquiries, and are dissimilar. *See, infra*. Hence, the Supreme Court negates the Defendants' use of two of its cases, as Defendants' central argument against certification. *See, infra.*

Defendants' state that establishing actual hours worked will take too long and be too individualized. Defendants' circular argument completely ignores the fact that the Plaintiffs may establish their hours by reasonable inference, because Defendants failed to track their hours. *See, Anderson et. al. v. Mt. Clemens Pottery Co.* 66 S.Ct. 1187 (1946). This is not an overly burdensome process and is involved in every FLSA case  where time was not tracked. Defendants should not be rewarded through non-certification, because they violated §211(c) of the FLSA by not tracking hours employees worked.

### *THERE IS A COMMON ILLEGAL PAY POLICY*

Perplexingly, Defendants keep referring to "off-the-clock" work, when there was no clock. It appears that Defendants use the term "off the clock" to refer to work that took longer to perform than Defendant Fernbach's arbitrary estimations.

Defendants attempt to turn the fact that they did not require their employees clock hours into a windfall. In support of this argument, Defendants  claim that not tracking their employees' hours makes it too difficult to now establish those hours retroactively, and, hence, certify a manageable collective. Defendants should not be allowed to benefit from the purported

"difficulties" caused by their clear violation of FLSA § 211(c)—not keeping track of their employees' hours—to avoid a collective action by Plaintiffs. Further, the cases Defendants cite for the contention that the inquiry is too burdensome, are negated by other Supreme Court Holdings, as discussed *infra*.

In their Response, the Defendants agree with the Plaintiffs that the hours of overtime worked were not tracked over the weekend, and not at all paid during the week. In other words, Defendant Fernbach claims that he properly estimated how long routs would take, and that he paid a flat rate for all work done during the course of the week based on estimating that weekly routes lasted less than forty-hours. *See,* Fernbach Declaration ¶ 17, 19, 21 & 23.

This makes one common issue of fact determinative, which is, "Did Defendant Fernbach, always, accurately estimate that the routes would take under forty hours?" Without time records to prove same and Plaintiffs, therefore, being able to reasonably infer their hours, this is not a challenging inquiry. *See, supra.*

Defendants' claim overtime worked over the weekend was paid for, but hours were not tracked, so it is assumed that the hours were mere estimates by Defendants. Defendants claim that the office closed at 3pm on Saturdays is unavailing, because the Pool Service Technicians servicing pools were not be affected by such closing.

The estimation of hours worked as a basis for pay is the exact common prohibited pay structure of which Plaintiffs allege, and a prima facia violation of the FLSA. Defendants paid no overtime during the week because of a self-serving estimate that work would take less than forty hours. Defendants estimated the amount of time the employees worked over the weekend and paid Pool Service Technicians based on the estimates, since they had no way to track hours. *Id.* Thus the Plaintiffs, and putative plaintiffs were all subject to the same illegal pay structure.

The Defendants' Response is deeply flawed because they claim that their affirmative defenses must be explored differently, as they apply to each Plaintiff. However, the alleged affirmative defense referenced is a mere denial of liability. A denial is not an affirmative defense. Defendants have no cognizable affirmative defenses in this action. They merely deny liability, according to their own Response, labeling same both the defense, and an affirmative defense. Hence, there is no possible way for considerations of individual applications of affirmative defenses, to be an issue preventing certification.

Section 2a, of Defendants' Response, is a denial of the Plaintiffs' allegations of unpaid overtime hours. It is an attack on Plaintiffs' sworn statements, which is lost when you read Section 2b and realize Defendant Fernbach can, apparently, cold recite Supreme Court holdings in decelerations.

*FEDERAL RULE OF CIVIL PROCEDURE TWENTY-THREE IS SEPARATE AND DISTINCT FROM THE MORE LENIENT STANDARDS OF §216(b); CASES APPLYING RULE 23 STANDARDS, CANNOT BE USED TO DENY CERTIFICATION OF AN FLSA COLLECTIVE ACTION*

Defendants argue that Fed.R.Civ.Pro. 23 considerations are appropriate at this juncture. Defendants dedicate several sections to cases about Fed.R.Civ.Pro. 23, and cite to the Seventh Circuit, holding that concerns of Fed.R.Civ.Pro. 23 are applicable in FLSA cases under §216(b). However, Eleventh Circuit Precedent is the opposite. *See, infra.* §216(b) and Rule 23 have completely dissimilar conditions that must be satisfied, with §216(b) having the more lenient standard, under Eleventh Circuit precedent, and, as to be explored later, Supreme Court precedent.

> "In addition, "the requirements for satisfying Rule 23 are considerably more involved than is the unitary 'similarly situated' requirement of 16(b) [§ 216(b) ]." Howard Eglit, 1 *Age Discrimination* § 6.50 at 6–304 (2d ed. 1994).

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106, 70 Fair Empl. Prac. Cas. (BNA) 770, 64 USLW 2707, 1996 WL 132102 (11th Cir. 1996).

> "When it created the opt-out class action, the Advisory Committee on Civil Rules made clear that the "present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23." Fed. R. Civ. P. 23, advisory committee's note, reprinted in 39 F.R.D. 69, 104 (1966)."

*Calderone v. Scott*, 838 F.3d 1101, 1106, (11th Cir. 2016).

Concerns about Rule 23 in *Wal-Mart Stores, Inc., v. Dukes* & *Comcast Corp v. Behrend*, are not relevant because under Eleventh Circuit Precedent, Rule 23 and §216(b) require different inquiries, with 216(b) requiring a lessor showing.

> "While aspects of Defendants' proposed Rule 23 analysis are compelling, *Grayson* nonetheless has made it clear that the requirements for satisfying Rule 23 are considerably more involved than the unitary similarly situated requirements of § 216(b). In *Grayson*, the Circuit Court stated, at 79 F.3d at 1096 n. 12, "Although not at issue in this case, it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23.""

*Stone v. First Union Corp.*, 203 F.R.D. 532, 541–42 (S.D. Fla. 2001) (Emphasis Added).

The Defendants' arguments are not legally cognizable because they depend on accepting Defendants' defenses as true, and ignoring Eleventh Circuit precedent, in favor of Seventh Circuit precedent to the contrary.

The incognizable leap upon which the Defendants' response is wholly based upon an inapplicable standard created under Seventh Circuit precedent that Rule 23 concerns are equally relevant in certifying a §216(b) collective and two Supreme Court cases on Rule 23 say that this case is too complex to certify under Rule 23. To the contrary, binding Eleventh Circuit Precedent says that Rule 23 concerns are not relevant to §216(b) certification. *See, supra.* If certification is too hard under the strictures of Rule 23, that is irrelevant, because the Motion is to certify a collective under the much more lenient standards of §216(b).

> The requirements for conditional certification under § 216(b) "are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." *Grayson,* 79 F.3d at 1096 n. 2.

*Reyes v. AT & T Corp.,* 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011)

The Supreme Court holds, contrary to the Defendants' legally unsound logic, "Rule 23 actions are fundamentally different from FLSA collective actions "*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 66, (2013). One should not use Supreme Court cases to argue that the standards of Rule 23 are not met in this action, when the Supreme Court would find such irrelevant. The Supreme Court holds that Rule 23 and §216(b) are fundamentally different as stated, " .But those cases, we explained, were "inapposite," not least because "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis HealthCare,* 569 U.S., at 74, 133 S.Ct. 1523" *United States v. Sanchez-Gomez*, 138 S. Ct. 1532 (2018).

## *PLAINTIFFS HAVE MET THEIR BURDEN*

Plaintiffs' declarations are not speculative. The two opt-in Plaintiffs Mr. Charles and Mr. Foster  aver that they know of others who wish to join. Mr. Charles stating that he knows at least one other employee wishing to join, [ECF 26-3 ¶ 11], and the other affidavit by Mr. Foster stating that another employee wishes to join but is afraid of retaliation [ECF 26-4 ¶14]. The fact that an employee is afraid of retaliation from the Defendants does not negate the fact that upon being noticed that retaliation is illegal, that employee's concern, stopping him from joining, is alleviated.

It is disingenuous of the Defendants to hold Plaintiffs liable for the time that has passed without additional Plaintiffs. At Defendants' request, there was a tolling agreement in place for months between the parties.

Additionally, Plaintiffs' do not understand Defendants' argument that the passage of time (that they caused) should affect certification. Certification is the process giving permission for

counsel to send neutral notifications to putative plaintiffs. That is the reason certification exists. Plaintiffs' Counsel could have sought out and solicited everyone who has worked for Defendants in the last three years, however, that is exactly what Plaintiffs' Counsel is asking to do here, the proper way.

Four Plaintiffs have come forward, which is adequate to make the showing. Absent that, unless the employees are psychic, they need a neutral notice informing them. This action is not a complex situation of a Smokey Bones' Kitchen speculating about the existence of other plaintiffs wanting to join. Here, other plaintiffs have joined already. Furthermore, this action is not a complex litigation with sixty-eight nation-wide restaurants maybe having the same policies as two in Massachusetts. This case involves only one pool service company employing fifteen people at a time and four of which came forward with no solicitation. Defendants' violations of the FLSA are so flagrant that upon neutral notice, Plaintiffs are positive that others will join, without improper solicitation. Plaintiffs are not just speculating, two Pool Service Technicians already joined the original two, they know more who wish to join, and as this Court has noted:

> "Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.' " *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270 (S.D. Fla. 2012) (citation omitted); *see also Izquierdo v. Solar Bear Servs.*, 2017 WL 606347 (S.D. Fla. Feb. 15, 2017).

*Elliott v. Barbeque Integrated, Inc.,* 19-62426-CIV, 2020 WL 4495931, at *3 (S.D. Fla. May 29, 2020)

It is key to point out that the Defendants do not argue that the basic job of Pool Service Technician was not similar for all employees, just that the named Plaintiffs did tasks, working Saturdays, that other employees did not do. However, the basic job duties, title, and pay structure (even if amounts were different) were the same. Pool Service Technicians were similarly situated

in terms of job title, duties, geographic area, pay structure, Defendant Fernbach having created the pay policies and controlled them, and otherwise.

Further, it is irrelevant that there are significant differences in what Plaintiffs were paid over the weekends because the Defendants had no way to track those hours, and, thus, estimated them. That Plaintiffs hours were estimated, by Defendants, to have worked different numbers of weekend hours does not really matter because the Plaintiffs were subject to the same illegal pay policy.

Defendants cite to *Davis v. Charoen Pokphand (USA) Inc*., 309 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004), which held that sworn statements of other employees, and the filing of consents to join by other employees shows that there are similarly situated employees who desire to opt in. In this case, there are two opt-in consents attached to two declarations from Pool Service Technicians added to the two affidavits from the initial Plaintiffs, who are all claiming the existence of more Plaintiffs, and the two opt-ins prove the physical presence of more plaintiffs.

It is not nearly as complex as Defendants points out by string citing courts outside of this jurisdiction about conclusory hearsay in declarations. First, "the pot calling the kettle black" declarations are always such. It is the nature of the adversarial system of justice. Hearsay is inadmissible at trial, unless it meets an exception, but this is not trial. Plaintiffs would not be able to express the existence of third parties, who want to join, without hearsay to relay their intent.

Plaintiffs have proven that all Pool Service Technicians were subject to the same illegal pay policies, had the same job titles, performed the same job duties, in the same geographic area, and that one Defendant controlled and instituted the illegal pay policy, resulting in similar injuries at similar times. Hence, Plaintiffs, and putative plaintiffs, are similarly situated. *See, Didoni v. Columbus Rest., LLC,* 327 F.R.D. 475, 480 (S.D. Fla. 2018). Furthermore, through

affidavits/declarations, and the actual existence of opt-in Plaintiffs, the Plaintiffs have shown that there are more similarly situated employees who wish to opt-in. Hence, Plaintiffs have met the burden Plaintiffs are required to meet for this Court to conditionally certify a collective under §216(b).

### *PLAINTIFFS' NOTICE IS ADEQUATE BUT PLAINTIFFS ARE OPEN TO SOME AMENDMENT*

First, Defendants do not propose their own notice, but, rather, attempt to attack Plaintiffs' Notice with, mainly, a lot of nonsense.

Second, Plaintiffs have no objection to adding that the Defendants deny the allegations, which is Defendants' position.

Third there is no basis to limit the notice period to thirty days, when forty-five days have been held appropriate according to the Defendants' own cited precedent.

Fourth, there is no actual reason listed why these notices should not go out via electronic mail, only speculation that they may be shared, which is, actually, a good thing, considering the goal is to neutrally inform as many Pool Service Technicians as possible. Courts routinely find notice via email, in addition to regular mail, appropriate. *See, Dean v. W. Aviation, LLC.* 2018 WL 1083497 (S.D. Fla. 2018); *Posada v. Page Bros. Associates, Inc.*, 2010 WL 529407 (S.D. Fla. 2010); *Kie v. Ivox Solutions, LLC.*, 2016 WL 397606 (S.D. Fla. 2016); *Harris v. Performance Transp., LLC,* 2015 WL 1257404 (M.D. Fla. 2015); *Libreros v. Texas de Brazil (Tampa) Corp.,* 2013 WL 1344824; & *Miller v. FleetCor Technologies Operating Company, LLC.*, 2014 WL 1254337 (N.D. G.A. 2014). There is no reason these notices cannot be returned via email, to facilitate the easy opt-in of putative plaintiffs, who changed addresses and did not get the mail containing a return envelope.

Fifth, the Defendants claim that the notice is overly solicitous and one sided, by "inferring that unpaid overtime wages were unpaid." Plaintiffs find this statement confusing and circular, that unpaid wages, were unpaid. The use of unpaid overtime language is alerting putative plaintiffs, as to the standard to join. Nor will the case caption mislead people into thinking that this is a Court issued notice, the notice specifically says it is court approved, not court issued.

Sixth, Defendants can have their contact information listed as well, as long as it is clear who represents who.

Seventh, Plaintiffs can easily prove that the Defendants' violation was willful.  Defendants did not track the hours of its employees, and instead paid them for the amount of time Defendant Fernbach estimated they should have worked. The sheer hubris of claiming that Defendants did not willfully violate the FLSA by estimating the hours that employees worked, and paying according to that estimation is shocking, but not persuasive. The fact that Defendants two other FLSA cases settled quickly, or involved other areas of the FLSA, is irrelevant, same informed the Defendants that there is an FLSA, and that they must meet its requirements. The Statute of Limitations cited is appropriate, and if Defendants still object by the time they move to decertify the collective, they can certainly argue that paying estimated hours worked, not actual hours worked, is not a willful violation of the FLSA.

Respectfully Submitted This 3rd Day of March 2021,

LUBELL & ROSEN, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdalee, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:     jhs@lubellrosen.com

By: *s/ Joshua H. Sheskin*            
    Joshua H. Sheskin, Esquire
    Florida Bar No. 93028