UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61690-CIV-SINGHAL/VALLE

DEBRON WALLEN and
SANJAY SHAKES, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

SVENSK MANAGEMENT, INC. and
RICHARD FERNBACH,

    Defendants.
_____/

## ORDER ON CONDITIONAL CLASS CERTIFICATION

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Conditionally Certify Collective Class Action and Facilitate Notice to Potential Class Members ("Motion to Certify Class") (DE [26]). Defendants filed a Response in Opposition (DE [29]), and Plaintiffs filed a Reply (DE [30]). For the reasons discussed below, the Court grants Plaintiffs' Motion.

**I.   BACKGROUND**

Plaintiffs Debron Wallen and Sanjay Shakes filed a Complaint (DE [1]) individually and on behalf of all others similarly situated, alleging that Defendants Svensk Management, Inc. and Richard Fernbach violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Fernbach is an officer and manager at Svensk, setting Plaintiffs' pay, pay policies, and work schedules. Compl. ¶ 13 (DE [1]). Plaintiffs bring this putative collective action against Defendants for unpaid overtime compensation owed to them and

all other similarly situated employees in the three-year period before the filing of the Complaint on August 20, 2020, until the present. *Id.* ¶¶ 10, 15.

Plaintiffs allege that they were both employed as pool service technicians by Defendants: Wallen worked between October 2018 and October 2019, and Shakes worked between March 2018 and December 2019. *Id.* ¶¶ 7–8. During the relevant time period, other similarly situated employees worked as "pool technicians, pool repair technicians and pool service technicians." *Id.* ¶ 9. Plaintiffs allege that they each worked more than forty hours per week continuously during their employment, but neither was paid for overtime. *Id.* ¶ 34. Defendants also allegedly failed to pay other putative collective-action members for time worked in excess of forty hours per week, either at their regular pay rate or their overtime rate. *Id.* ¶ 37. Plaintiffs also allege that Defendants failed to keep records of their employees' wages, work hours, and pay and failed to keep accurate payroll records. *Id.* ¶¶ 40–41.

Plaintiffs now seek to issue notice and conditionally certify this FLSA collective action. Attached to Plaintiffs' Motion to Certify Class (DE [26]) are Plaintiffs' own affidavits plus the declarations of two other similarly situated employees, Millet Charles and Olando Foster ("Opt-In Plaintiffs"), who filed their consents to join without having been given official notice. *See* (DE [26-1] through [26-4]); (DE [18], [19]). Plaintiffs assert that Opt-In Plaintiffs also shared the same job title and duties as Plaintiffs and "were subject to the same illegal pay practices" because Defendants lacked a time-keeping method. Mot. to Certify Class 4 (DE [26]). Plaintiffs contend that they are similarly situated to Opt-In Plaintiffs because all performed similar duties and were paid either no overtime or arbitrary overtime amounts, regardless of hours worked, over a similar time period. *Id.* at

5, 7. Defendants oppose certification, arguing that Plaintiffs do not identify any other similarly situated employees seeking to join this action and that Plaintiffs fail to allege a common scheme to withhold overtime pay from other employees. Resp. in Opp'n 1–2 (DE [29]).

## II. LEGAL STANDARD

Title 29 U.S.C. § 216(b) "authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). An employee may file an action against his employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Other employees who wish to join as plaintiffs must affirmatively opt in by filing consent with the Court. *Id.* "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan*, 551 F.3d at 1258 (citing *Anderson v. Cagle's*, 488 F.3d 945, 952 (11th Cir. 2007)).

The Eleventh Circuit has established a two-stage approach in determining whether employees are similarly situated in opt-in collective actions: First, at the notice stage, the court determines—based on the pleadings and affidavits—"whether notice of the action should be given to potential class members who could be similarly situated." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). This stage usually results in "conditional certification" of a representative class: "[P]utative class members are given notice and the opportunity to 'opt-in,'" and the action proceeds through discovery. *Id.* (quoting *Hipp*, 252 F.3d at 1218). At this stage, the standard for determining similarity is flexible; the plaintiff

need only show a "'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260–61 (citations omitted).

Second, when discovery is complete and the case is ready for trial, the defendant usually moves for decertification so the court can make a factual determination about whether the employees are similarly situated: If the claimants are similarly situated, the representative action proceeds to trial. *Mickles*, 887 F.3d at 1276 (citing *Hipp*, 252 F.3d at 1218). If they are not, the court decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* (citing *Hipp*, 252 F.3d at 1218). The original plaintiffs would "then proceed to trial on their individual claims." *Id.* (citing *Hipp*, 252 F.3d at 1218). At the second stage, "'the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions' and encompass the defenses to some extent." *Morgan*, 551 F.3d at 1262 (citing *Anderson*, 488 F.3d at 953).

## III. DISCUSSION

Plaintiffs argue that they have carried their burden of showing that other employees desire to opt in and that those employees are similarly situated. Defendants respond that Plaintiffs have not provided sufficient evidence of other plaintiffs who wish to join and that Plaintiffs have failed to show that they and other employees were subject to Defendants' common scheme to withhold overtime pay. Defendants also argue that the resolution of Plaintiffs' claims for unpaid overtime wages would require individualized consideration of each employee's hours, which makes conditional certification unmanageable. The Court agrees with Plaintiffs.

### A. Whether Other Employees Desire to Opt In

Under *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), a plaintiff must "show that there are other employees who desire to opt-in before a court can conditionally certify a class." *Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 479 (S.D. Fla. 2018) (quoting *Kemar Fung Chung v. Affordable Battery, Inc.*, 2012 WL 3759029, at *1 (S.D. Fla. Aug. 29, 2012)). The plaintiff "cannot rely on speculative, vague, or conclusory allegations." *Id.* (quoting *Kemar Fung Chung*, 2012 WL 3759029, at *1). But "[c]ourts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012) (second alteration in original) (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006)); *see also Gelber v. Akal Sec., Inc.*, 2016 WL 8678059, at *4 (S.D. Fla. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 8678541 (S.D. Fla. Oct. 27, 2016) ("As few as one additional opt-in plaintiff is sufficient for conditional certification of a collective class." (citing *Pares v. Kendall Lakes Automotive, LLC*, 2013 WL 3279803, at *5 (S.D. Fla. June 27, 2013))).

Here, the two named Plaintiffs submitted their own affidavits. Both Plaintiffs attest that they were service technicians for Defendants and that the putative opt-in plaintiffs were also service technicians, performed the same tasks and duties in the same or similar geographic area, and were subject to the same illegal pay and time-keeping policies. Shakes Aff. ¶ 4 (DE [26-1]); Wallen Aff. ¶ 4 (DE [26-2]). Wallen attests that other service technicians expressed to him that they will want to opt in to recover the money they are

5

owed. Wallen Aff. ¶ 11 (DE [26-2]). Shakes similarly attests that, after this case was filed, two other service technicians approached him to opt in. Shakes Aff. ¶ 15 (DE [26-1]).

The named Plaintiffs have also filed the declarations and consents of two Opt-In Plaintiffs: Millet Charles and Olando Foster. Charles attests that he was a service technician who performed the same duties as the named Plaintiffs, was not paid for his overtime during the week, and received weekend overtime pay only "a few random times." Charles Decl. ¶¶ 5–6 (DE [26-3]). Charles knows of at least one other employee who would opt in if given notice. *Id.* ¶ 11. Foster attests that he was a service technician who "occasionally" received "random" overtime payments that did not actually compensate him for hours worked. Foster Decl. ¶¶ 5, 9, 11 (DE [26-4]). Foster knows of current employees who wish to opt in "but are afraid of retaliation." *Id.* ¶ 14. At this notice stage, the Court finds that Plaintiffs have satisfied their lenient burden of demonstrating that a reasonable basis exists to believe that other similarly situated employees desire to opt in. *See Gelber*, 2016 WL 8678059, at *4; *Bennett*, 880 F. Supp. 2d at 1283. Indeed, Charles and Foster have already opted in without notice. Defendants appear to completely ignore this fact. Although none of the affidavits or declarations identify any other putative opt-in plaintiffs by name, the Court is satisfied that Plaintiffs have carried their burden at this stage.

### B. Whether a Reasonable Basis Exists to Believe Other Employees are Similarly Situated

The Court generally considers five factors to determine whether employees are similarly situated:

> (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claims violations are similar.

*Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1202 (S.D. Fla. 2019) (citing *Didoni*, 327 F.R.D. at 480). "No single factor is dispositive." *Id.* (citing *Roman v. Burger King Corp.*, 2015 WL 12881153, at *2 (S.D. Fla. June 2, 2015)). "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Elliott v. Barbeque Integrated, Inc.*, 2020 WL 4495931, at *2 (S.D. Fla. May 29, 2020) (quoting *Hipp*, 252 F.3d at 1217).

Here, based on the five *Compere* factors, the Court agrees with Plaintiffs that a reasonable basis exists to believe that other similarly situated employees exist. First, Plaintiffs and Opt-In Plaintiffs all share the job title of service technicians. Shakes Aff. ¶ 4 (DE [26-1]); Wallen Aff. ¶ 4 (DE [26-2]); Charles Decl. ¶ 4 (DE [26-3]); Foster Decl. ¶ 5 (DE [26-4]). Plaintiffs also attest that the other putative opt-in plaintiffs are all service technicians. Shakes Aff. ¶¶ 4, 15 (DE [26-1]); Wallen Aff. ¶¶ 4, 11 (DE [26-2]). Second, all the service technicians worked in the same geographic location—mostly Broward and Miami-Dade Counites, with one technician servicing Palm Beach County—and were required to attend meetings at the Broward County office every week. Shakes Aff. ¶¶ 4, 16, 18 (DE [26-1]); Wallen Aff. ¶¶ 6, 13 (DE [26-2]). Third, the alleged violations occurred during the same time period: Plaintiffs' and Opt-In Plaintiffs' periods of employment overlap between March 20, 2018 and June 13, 2020, all within the three years before filing the Complaint. *See* Shakes Aff. ¶ 5 (DE [26-1]); Wallen Aff. ¶ 5 (DE [26-2]); Charles Decl. ¶ 4 (DE [26-3]); Foster Decl. ¶ 4 (DE [26-4]).

7

Fourth, Plaintiffs and Opt-In Plaintiffs demonstrated that Defendant Fernbach—the decision maker responsible for pay policies—failed to track their hours and withheld their overtime wages.  Compl. ¶¶ 13, 15, 20 (DE [1]); Shakes Aff. ¶¶ 8–10, 12–14 (DE [26-1]); Wallen Aff. ¶¶ 6–7, 10 (DE [26-2]); Charles Decl. ¶¶ 6, 9 (DE [26-3]); Foster Decl. ¶¶ 9, 12 (DE [26-4]).  Fifth, Defendants' actions underlying the alleged violations are similar: Plaintiffs and Opt-In Plaintiffs contend that Defendants failed to keep track of employees' hours and pay them consistent and regular overtime wages for hours actually worked.  Shakes Aff. ¶¶ 4, 8–10, 14–15, 17, 19 (DE [26-1]); Wallen Aff. ¶¶ 6–7, 10 (DE [26-2]); Charles Decl. ¶¶ 6–7 (DE [26-3]); Foster Decl. ¶¶ 9–10 (DE [26-4]).

Based on these factors, the Court finds that Plaintiffs have carried their reasonable-basis burden, which is not a "particularly stringent" standard at this stage.  *See Morgan*, 551 F.3d at 1260–61.  Nevertheless, Defendants argue that Plaintiffs "failed to provide any evidence that Defendants actually have a policy that results in unpaid overtime."  Resp. in Opp'n 11 (DE [11]).  Defendants provide Fernbach's declaration in support of their argument that Shakes, Wallen, Charles, and Foster were paid the proper overtime amounts for their hours worked.  *See* Fernbach Decl. ¶¶ 11–17 (DE [11-1]).  But the Court does not resolve factual conflicts or make credibility determinations at this first stage*.  See Flete v. All Am. Facility Maint. Inc.*, 2020 WL 5534270, at *3 (S.D. Fla. July 13, 2020) ("While Defendants' opposition attempts to counter Plaintiff and Opt-in Plaintiffs' factual assertions with conflicting evidence, the Court does not resolve any factual conflicts or make credibility determinations at this stage of the certification."); *Bennett*, 880 F. Supp. 2d at 1284 ("At the notice stage, courts ordinarily do not engage in credibility determinations; 'defendant's burden is, for all practical purposes, to attempt to

demonstrate that a plaintiff has presented *insufficient*, not factually wrong, evidence.'" (quoting *Reyes v. AT & T Corp.*, 801 F. Supp. 2d 1350, 1358 (S.D. Fla. 2011))).

Further, this Court rejects Defendants' argument that Federal Rule of Civil Procedure 23's procedural considerations are pertinent to the § 216(b) FLSA collective-action analysis in this case. *See Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (stating that Rule 23's class-action certification requirements "are more demanding" than § 216(b)'s conditional-certification requirements and that an FLSA collective action and a Rule 23(b)(3) class action are "fundamentally different creatures"); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) ("[T]he requirements for satisfying Rule 23 are considerably more involved than is the unitary 'similarly situated' requirement of § 16(b) [§ 216(b)]." (alteration in original) (quoting Howard Eglit, 1 *Age Discrimination* § 6.50 at 6–304 (2d ed. 1994))).

Lastly, at this stage, the Court is also unpersuaded by Defendants' argument that a collective action in this case would be unmanageable because it would require fact-specific individualized inquiries into liability, affirmative defenses, and damages for each putative plaintiff. Affirmative defenses come into play during the second—not first—stage. *See Morgan*, 551 F.3d at 1261–62 ("[A]t the second stage, 'although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions' and encompass the defenses to some extent." (quoting *Anderson*, 488 F.3d at 953)); *Javier v. Soc. Serv. Coordinators, Inc.*, 2014 WL 12531532, at *4 (S.D. Fla. Apr. 16, 2014) (stating that the availability of FLSA defenses is an example of a factual issue that is not considered at the notice stage (quoting

9

*Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007))). Thus, the Court grants Plaintiffs' Motion and finds that they are entitled to give notice to putative opt-in plaintiffs.

### C. Plaintiffs' Proposed Notice

Plaintiffs have submitted a Proposed Notice of Pending Overtime Collective Action Lawsuit ("the Notice") (DE [26-5]), which Defendants challenge as deficient for several reasons, *see* Resp. in Opp'n 17–20 (DE [29]). Plaintiffs reply that they are willing to amend the Notice to some extent. *See* Reply 9–10 (DE [30]). Given Plaintiffs' concession of amendment, and in the interest of judicial economy, the Court will give the parties an opportunity to confer and reach an agreement on a revised proper notice as ordered below. *See, e.g., Vondriska*, 564 F. Supp. 2d at 1336–37 (giving parties opportunity to confer and submit revised FLSA notice). The Court will evaluate the revised proposed notice once it is submitted.

But the Court addresses one of Defendants' objections now: Defendants argue that the collective action should encompass alleged violations only in the past two—not three—years because Plaintiffs have failed to show that the violations were willful. "Under the FLSA, the two-year statute of limitations is extended to three years if a cause of action arises out of a willful violation of the FLSA." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing 29 U.S.C. § 255(a)). Plaintiffs have adduced evidence that Defendants failed to remedy the violations after being informed of unpaid overtime wages and that two prior FLSA lawsuits were filed against Defendants; Defendants respond that the two FLSA lawsuits are factually dissimilar and irrelevant. At this stage, the Court does not have enough facts to determine whether the alleged

violations were willful. Thus, the Court will conditionally certify a three-year collective action and notes that, later, the action may be limited to a two-year period when a more complete record is presented. *See, e.g.*, *Flete*, 2020 WL 5534270, at *3 n.1 (noting that the two-year versus three-year statute of limitations was a fact-intensive question "better resolved at a later stage"; certifying a three-year action with the possibility that it may be limited to two years "upon a more complete record").

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs have carried their burden of showing that the FLSA collective action for service technicians employed by Defendants should be conditionally certified. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Certify Class (DE [26]) is **GRANTED**. The following FLSA collective action is conditionally certified:

   All service technicians who worked for the Defendants at any time between August 20, 2017 to the present who, as a result of the Defendants' pay practices—not keeping time records and not paying for all overtime worked during the week—were not paid all wages due for overtime worked during one or more workweeks as required by the Fair Labor Standards Act.

2. The parties shall confer and try to agree on the form of the notice. Within **15 days** of this Order, Plaintiffs shall file a motion for approval of the revised proposed notice. The motion shall attach copies of the revised proposed notice and proposed consent form and shall note all Defendants' remaining objections to the notice or consent form that have not been resolved. If Plaintiffs fail to file a motion by the deadline, the Court will make its own rulings based on the Notice already filed (DE [26-5]).

3. The Court will direct the terms of giving notice after ruling on Plaintiffs' motion for approval of the revised proposed notice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of March 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF