UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:20-cv-61690-AHS

DEBRON WALLEN,
SANJAY SHAKES, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

vs.

SVENSK MANAGEMENT, INC.
and RICHARD FERNBACH,

    Defendants.
_____/

# JOINT MOTION REQUESTING ORDER APPROVING SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE

Plaintiff DEBRON WALLEN ("Plaintiff Wallen"), Plaintiff SANJAY SHAKES ("Plaintiff Shakes"), Opt-in Plaintiff Millet Charles ("Opt-in Plaintiff Charles), and Opt-in Plaintiff Orlando Foster ("Opt-in Plaintiff Foster") along with Defendant SVENSK MANAGEMENT, INC. ("Defendant Svensk") and Defendant RICHARD FERNBACH ("Defendant Fernbach"), by and through their respective undersigned counsel, hereby file this Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit With Prejudice. The parties state the following in support:

**I.**     **STATEMENT OF FACTS**

1. On or about August 20, 2020, Plaintiff Wallen and Plaintiff Shakes, formerly employed by Defendant Svensk as Pool Service Technicians, filed the instant action alleging that Defendants failed to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1. They filed the case as a collective action, brought on behalf of a class

of similarly situated individuals (*i.e.,* current and former Pool Service Technicians).  *Id.*   Opt-in Plaintiff Charles and Opt-in Plaintiff Foster filed consents to join the instant action on November 6, 2020.  *See* ECF Nos. 18, 19.

   2. On January 27, 2021, Plaintiffs filed a conditional certification motion, which the Court granted on March 22, 2021.  *See* ECF Nos. 26, 31.

   3. Notice was issued to approximately 55 current and former employees on April 23, 2021, with a June 7, 2021 deadline to return a signed consent form.  The only individual who returned a signed consent form was Tony Izev, who was employed from September 4, 2019 to September 17, 2019.  However, Mr. Izev subsequently indicated that he had never actually worked as a Pool Service Technician, and so he did not participate any further in this action.  Thus, the case proceeded with Plaintiff Wallen, Plaintiff Shakes, Opt-in Plaintiff Charles, and Opt-in Plaintiff Foster as the full and complete scope of the class.

   4. On September 8, 2020, Plaintiff Wallen and Plaintiff Shakes filed a Statement of Claim pursuant to the Court's August 21, 2010 Order Requiring Scheduling Report, Certificate of Interested Parties, and Statement of Claim and Response in FLSA Case.  *See* ECF No. 5, 7.  However, Plaintiff Wallen and Plaintiff Shakes filed an Amended Statement of Claim on June 16, 2021, after their depositions were taken.  *See* ECF No. 43.  In the Amended Statement of Claim, Plaintiff Wallen claimed to be owed $31,425 in unpaid overtime compensation, based on an allegation of 20 unpaid overtime hours per week over an 83 week period, and Plaintiff Shakes claimed to be owed $8,163.75 in unpaid overtime compensation, based on an allegation of 15 unpaid overtime hours per week over a 39 week period.[1]  *Id.*

---

[1] In the original Statement of Claim, Plaintiff Wallen claimed to be owed $53,156.25 in unpaid overtime compensation and Plaintiff Shakes claimed to be owed $30,292.50 in unpaid overtime compensation.

2

5. On July 15, 2021, Defendants filed a Response to the Amended Statement of Claim, denying that Plaintiffs were owed any unpaid overtime compensation.[2] *See* ECF No. 44. Defendants provided a detailed explanation in the Response for the basis of the denial. *Id.*

6. Opt-in Plaintiff Charles and Opt-in Plaintiff Foster did not file a statement of claim. However, in answers to interrogatories, Opt-in Plaintiff Charles claimed to be wed $19,528.38 in unpaid overtime compensation, based on an allegation of 30 unpaid overtime hours per week over a 26.7 week period, and Opt-in Plaintiff Foster claimed to be owed $29,951.25 in unpaid overtime compensation, based on an allegation of 17.5 unpaid overtime hours over a 22 week period, and 24.5 unpaid overtime hours over a 27 week period.

7. Defendants deny that Opt-in Plaintiff Charles and Opt-in Plaintiff Foster are owed any unpaid overtime compensation. Additionally, Opt-in Plaintiff Charles was only employed for 19 weeks (from September 16, 2019 to January 25, 2020) and Opt-in Plaintiff Foster was only employed for 42 weeks (from July 3, 2019 to April 21, 2020).

8. On August 10, 2021, the parties participated in mediation with mediator Marlene Quintana. Notwithstanding the parties' disagreement over the merits of the allegations and the scope of any potential damages, the parties engaged in good faith settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

9. After discussion and negotiations, and with the helpful assistance of Ms. Quintana, the parties reached an agreement to resolve and settle the claims asserted by Plaintiff Wallen, Plaintiff Shakes, Opt-in Plaintiff Charles, and Opt-in Plaintiff Foster. Specifically, the parties subsequently prepared a separate Settlement Agreement and General Release ("Settlement Agreement") for each plaintiff and opt-in plaintiff that memorializes the monetary and non-

---

[2] Defendant filed a Response to the original Statement of Claim on October 19, 2020, which also denied that any overtime compensation was owed. *See* ECF No. 14.

monetary terms and conditions of the settlement. The Settlement Agreements were fully executed by the parties as of August 15, 2021.

          10.     In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlements that they have entered into to resolve the instant action. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreements.

## II.    ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute and have executed a separate Settlement Agreement for each plaintiff and opt-in plaintiff. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff Wallen, Plaintiff Shakes, Opt-in Plaintiff Charles, and Opt-in Plaintiff Foster, are each receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs, which were negotiated separately. The terms of the Settlement Agreements are contingent upon approval by the Court. Thus, the parties respectfully request that

the Court approve their settlements and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreements entered into by the parties.

The parties have agreed to keep the specific terms and conditions of the Settlement Agreements confidential. To that end, the parties respectfully request approval to present the Settlement Agreements to the Court, in their written and executed form, for an *in camera* review, in order to protect the confidential nature of the agreements. By allowing an *in camera* review, the Court can consider the agreements and still protect the confidentiality that the parties bargained for. Alternatively, if the Court prefers, the parties can present the Settlement Agreements for the Court to review and discuss with the parties at a fairness hearing, or they can file a redacted version of the Settlement Agreements (and provide the Court with an unredacted version for an *in camera* review), or they can proceed in any other manner the Court allows that protects the confidential nature of the agreement.

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreements in a manner that protects their confidential nature, and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreements entered into by the parties.

DATED this 19th day of August 2021

Respectfully submitted,

| | |
|---|---|
| **Lubell Rosen, LLC** | **Littler Mendelson, P.C.** |
| 200 South Andrews Avenue, Suite 900 | Wells Fargo Center |
| Ft. Lauderdale, Florida 33301 | 333 S.E. 2nd Avenue, Suite 2700 |
| Tel: (954) 880-9500 | Miami, Florida 33131-1804 |
| Fax: (954) 755-2293 | Tel: (305) 400-7500 |
| | Fax: (305) 603-2552 |
| /s/ *Joshua H. Sheskin* | /s/ *Aaron Reed* |
| Joshua H. Sheskin | Aaron Reed |
| Florida Bar No. 93028 | Florida Bar No. 0557153 |
| E-mail: jhs@lubellrosen.com | E-mail: areed@littler.com |
| Amber L. Ruocco | Stella S. Chu |
| Florida Bar No. 121669 | Florida Bar No. 60519 |
| E-mail: alr@lubellrosen.com | E-mail: sschu@littler.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

4823-5459-4550.1